IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALPHONSO SLOAN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal No. 03-72 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court is a Motion for Nunc Pro Tunc Judgment ("petitioner's motion") (Doc. No. 900) filed by petitioner Alphonso Sloan ("petitioner") on February 19, 2008. After reviewing petitioner's motion and the government's brief in opposition, the court will dismiss petitioner's motion for lack of jurisdiction.

**I. Background**

On February 18, 2003, a federal grand jury returned a nineteen-count indictment charging several individuals with various drug-trafficking and firearms charges. Petitioner was charged with conspiracy to distribute and possess with the intent to distribute one hundred (100) grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, from on or about November 20, 2002 and continuing thereafter to on or about February 8, 2003, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(i) (Count Six) and with possession with the intent to distribute less than one hundred (100) grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, on or about January 8, 2003 (Count Eleven). (Doc. No. 1).

On October 21, 2003, petitioner entered a plea of guilty to the conspiracy charge (Count Six). (Doc. No. 228). On March 19, 2004, petitioner was sentenced by this court to imprisonment for a term of 63 months to be followed by supervised release for a term of 4 years. (Doc. No. 289). Petitioner did not appeal his sentence.

On March 7, 2005, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 427). In his motion, petitioner argued ineffective assistance of counsel claiming that at sentencing his counsel should have made an argument, pursuant to U.S.S.G. § 5G1.3, that petitioner's federal sentence should be imposed to run concurrently with any sentence imposed for his then-pending state drug charges. In a Memorandum Opinion and Order issued May 25, 2006 the court denied petitioner's motion. (Doc. No. 702). In doing so, the court concluded that U.S.S.G. § 5G1.3(a), (b) and (c) did not apply because petitioner had yet to be convicted or sentenced for the state charges, and, therefore, was not yet serving a "term of imprisonment" for the state charges, at the time of federal sentencing. As a result, petitioner could not show an "undischarged term of imprisonment" based upon the state charges at the time of federal sentencing which this court could have considered.

On or about February 19, 2008, the clerk of court received and filed petitioner's Motion for Nunc Pro Tunc Judgment. (Doc. No. 900). In his motion, petitioner alleges that following his federal sentencing, on or about March 22 or 23, 2004, the State of Pennsylvania imposed a sentence of 4 to 8 years, which petitioner argues, without providing details, related to the same course of conduct as the federal offense. He further alleges that after being sentenced by the state court he was transferred to the Pennsylvania State Department of Corrections for service of

2

the state sentence. Petitioner claims that after being paroled from the Pennsylvania state sentence on February 21, 2007, he began serving the sentence imposed by this court. In his motion, petitioner argues that he should receive credit on his federal sentence for the time he spent in custody from February 2003 to the time he was paroled on his Pennsylvania State sentence on February 21, 2007.

On February 21, 2008, the court issued a notice that the Motion for Nunc Pro Tunc Judgment had been filed and directed the government to file its response on or before March 4, 2008. On March 4, 2008, the government filed its response in opposition.

**II. Analysis**

With this present motion, petitioner is in effect asking this court to modify his sentence using a *nunc pro tunc*[1] exercise to designate the state prison as the "place of confinement" for purposes of determining whether he is entitled to credit against his federal sentence for time spent in state custody. As detailed below, this court is without jurisdiction to provide the relief petitioner requests.

"A district court's jurisdiction to reconsider sentencing may only stem from a statute or rule of criminal procedure." United States v. Servidio, No. 06-CR-709(WJM), 2008 WL 352866, at *1 (D.N.J. Feb. 7, 2008) (citing United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007)). Generally, a sentencing court may not modify a term of imprisonment once it has

---

[1] The Latin phrase *nunc pro tunc* describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect. It is a Latin term meaning literally, "now for then." An act *nunc pro tunc* is an "entry made now of something actually previously done to have effect of former date, previously omitted through inadvertence or mistake." Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) (citing Black's Law Dictionary 964 (5th ed. 1979)).

3

already been imposed. 18 U.S.C. § 3582(c); see, e.g., United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) ("Generally, a district court may not modify a term of imprisonment once imposed"); Quesada Mosquera v. United States, 243 F.3d 685, 686 (2d Cir. 2001); United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.").

> Under 18 U.S.C. § 3582(c):
>
> the court may not modify a term of imprisonment once it has been imposed except that--
>
> **(1)** in any case--
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may r educe the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>>> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>>> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),

> upon motion of the defendant or the Director of the Bureau of Prisons, or
> on its own motion, the court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) to the extent that they
> are applicable, if such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). In this case, none of the above-stated exceptions apply. As a result, this court may not modify petitioner's sentence pursuant to 18 U.S.C. § 3582(c).

The court may not modify petitioner's sentence pursuant to Rule 35(a) (formerly Rule 35(c)) of the Federal Rules of Criminal Procedure. Rule 35(a) provides that a sentence imposed as a result of arithmetical, technical or other clear error may be corrected within seven days after the imposition of sentence. FED. R. CRIM. P. 35(a). This rule strictly prohibits a court from modifying a defendant's sentence after seven days. See FED. R. CRIM. P. 35(a); see also United States v. Werber, 51 F.3d 342 (2d Cir. 1995) (court lacks jurisdiction to modify a defendant's sentence after seven days). In the present matter, petitioner's motion was filed nearly three years after being sentenced by this court, which is well after the seven-day period permitted by the rule. Thus, the requested order is beyond this court's jurisdiction. See Higgs, 504 F.3d at 464; United States v. Diaz-Clark, 292 F.3d 1310 (11th Cir. 2002); United States v. Black, No. CRIM.A.00-400, 2002 WL 31662921(E.D.Pa. Nov. 22, 2002).

Whether petitioner should be given credit for time served on a state sentence is to be determined by the Bureau of Prisons ("BOP"). The law is well settled that the "Attorney General, through the Bureau of Prisons, has responsibility for imprisoning federal offenders." United States v. Wilson, 503 U.S. 329, 331 (1992) (citing 18 U.S.C. § 3621(a)). The implementation of a defendant's sentence is an administrative matter that rests with the BOP.

Wilson, 503 U.S. at 335 (citations omitted). Petitioner's motion should be considered by the BOP rather than this court.[2]

In Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), a federal prisoner filed a petition for a writ of habeas corpus after the BOP failed to consider his request to designate, *nunc pro tunc*, a state prison as his place of federal confinement for purposes of determining whether he was entitled to credit against his federal sentence for time spent in state custody. Barden, 921 F.2d at 477. The court held that the BOP has the discretion to order concurrence of the sentences where the federal sentence was imposed before the state sentence. Id. at 483. The court concluded that the petitioner was entitled to have the BOP consider his request, *nunc pro tunc*, and to determine whether he was entitled to credit against his federal sentence for time served under his state sentence. Id. at 478; see Allen v. Nash, 236 Fed. Appx. 779, 782 (3d Cir. 2007) ("The BOP has the discretion to order that sentences run concurrently where the federal sentence was imposed before the state sentence and the state judge clearly intended the sentences to be served concurrently."). This determination is entirely within the discretion of the BOP. Allen, 236 Fed. Appx. at 782 (BOP acted within its discretion in denying the petitioner's request that his state and federal sentences be set to run concurrently, *nunc pro tunc*); BOP Program Statement 5160.05 ("State institutions will be designated for concurrent service of a federal sentence when

---

[2] The government correctly noted the proper standard of review should the petitioner seek a *nunc pro tunc* designation from the BOP. Any challenge to the manner in which the sentence is being implemented by the BOP is a motion pursuant to 28 U.S.C. § 2241, and it must be filed in the district where the prisoner is confined. See United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988); United States v. Jack, 774 F.2d 605, 607 n.1 (3d Cir. 1985); United States v. Ferri, 686 F.2d 147, 158 (3d Cir. 1982); United States v. Grimes, 641 F.2d 96, 99 n.7 (3d Cir. 1981). For section 2241 claims, the petitioner must exhaust his administrative remedies. See Barden, 921 F.2d at 479; United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995).

it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."). If the BOP abused its discretion, the petitioner may seek judicial review. Barden, 921 F.2d at 478.

In the instant case, since petitioner is not seeking to challenge a decision of the BOP for abuse of discretion, petitioner's motion must be dismissed for lack of jurisdiction.

IT IS HEREBY ORDERED that petitioner's Motion for Nunc Pro Tunc Judgment (Doc. No. 900) is DISMISSED for lack of jurisdiction. The clerk is directed to mark this case closed.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: May 8, 2008
cc: ALPHONSO SLOAN
Federal Register No. 07699-068
Federal Correctional Institution Elkton – FCI
P.O. Box 10
Lisbon, OH 44432

Troy Rivetti
Assistant United States Attorney